# EXHIBIT A

25488

Filed 12/11/2025 12:43 PM
Sarah Fellows Martinez, District Clerk
Brewster County, Texas
Brianna Portillo

CAUSE NO. _____

| | | |
|---|---|---|
| PAMELA CLOUSE | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ____ JUDICIAL DISTRICT |
| | § | |
| TRACTOR SUPPLY CO. | § | |
| | § | |
| Defendants, | § | |
| | § | |
| | § | BREWSTER COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PEITION

TO THE HONORABLE JUDGE OF SAID COURT:

Pamela Clouse ("Plaintiff") files this Plaintiff's Original Petition complaining of Tractor Supply Co. ("Defendant") and respectfully shows as follows.

## I. DISCOVERY PLAN LEVEL 3

1.    Plaintiff intends that this lawsuit be governed under Level 3 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process in the Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief greater than $250,000 but less than $1,000,000.

## II. CLAIM FOR RELIEF

2.1    As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.

2.2    Plaintiff seeks monetary relief greater than $250,000 but less than $1,000,000. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate, and judgment for all the other relief to which Plaintiff deems herself entitled.

### III. PARTIES

3.1    Plaintiff is a Brewster County resident who may be contacted through the undersigned counsel.

3.2    Tractor Supply Co. is a corporation based in Texas. It can be served through its registered agent, Corporation Service Company D/B/A CSC-Lawyers Inco, at 211 E. 7th Street Suite 620 Austin, Texas 78701.

### IV. MISNOMER/ALTER EGO

4.    If any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### V. JURISDICTION AND VENUE

5.    This Court has jurisdiction over this case and the damages sought are within the jurisdictional limits of this Court. Venue is proper in Brewster County because

2

Plaintiff's Original Petition

all or a substantial part of the events or omissions giving rise to the claim occurred in Brewster County, Texas.

## VI. FACTUAL BACKGROUND

6.1    On or about December 30, 2023, Plaintiff entered the 2500 E Holland Ave U.S. 90 in Alpine, Texas premises of Tractor Supply Co (hereafter, the "Premises"). Plaintiff was exiting the premises when, suddenly and without warning, Plaintiff slipped on the slope of the entrance which had a rubber mat. On information and belief, the area was in an unreasonably dangerous condition, and failure to be in this position violates the internal safety standards of Defendant. Also, on information and belief, Defendant was aware of the danger caused by the area in question and had experienced substantially similar incidents in the past. Plaintiff fell causing her to hurt her hips and spine. The fall caused Plaintiff immense pain and resulted in an ER visit the next day due to the injuries sustained from the fall. The fall also caused bruising to Plaintiff in several areas. These injuries have required extensive rehabilitation and are the source of ongoing severe pain.

6.2    At all relevant times, Plaintiff was an invited guest and customer of the Defendant.

6.3    Defendant is the owner and/or occupier of the Premises at issue, which is where the incident made the basis of this lawsuit occurred. Defendant had and have the right of control over these Premises.

3

Plaintiff's Original Petition

6.4    On information and belief, Plaintiff contends that the fall in question was caused by the unreasonably dangerous condition known by the Defendant. Defendant knew or had reason to know that the area in the condition it was encountered by Plaintiff created a serious danger to customers and guests of Defendant based on prior incidents, complaints, internal safety standards, consensus/industry standards, and related grounds.

## VII. CAUSE OF ACTION – NEGLIGENCE OF ALL DEFENDANTS

7.1    Each of the foregoing statements are incorporated by reference herein.

7.2    Defendant had common-law duties to use ordinary care. Defendant negligently breached those duties and that negligence proximately caused Plaintiff's injuries and damages.

## VIII. CAUSE OF ACTION – PREMESIS LIABLITY/NEGLIGENT ACTIVITY

8.1    Each of the foregoing paragraphs are incorporated by reference herein.

8.2    Defendant owned and/or occupied the Premises where the incident occurred and had a right of control over the Premises. Plaintiff was an invited guest and customer at the Premises at all relevant times who exercised the reasonable care expected of an ordinary, prudent person at the Premise under the same or similar circumstances.

8.3    Defendant had a duty to maintain the Premises free of dangerous conditions. Defendant negligently breached this duty to Plaintiff and/or had actual knowledge

4

Plaintiff's Original Petition

of the dangerous conditions and failed to correct the conditions. Breach of this duty by Defendant proximately caused Plaintiff's injuries and damages.

8.4    Plaintiff would show that, based on these facts, Defendant was negligent in the following ways:

    1.    Failing to maintain the Premises in a reasonably safe condition;

    2.    Failing to inspect the Premises where dangerous conditions existed;

    3.    Failing to correct the condition by taking reasonable measure to safeguard persons who entered the Premises; and

    4.    Failing to warn Plaintiff of the dangerous conditions existing on the Premises.

## IX. CAUSE OF ACTION –NEGLIGENT UNDERTAKING

9.1    At the time of the incident and immediately prior thereto, Defendant and its employees managed the Premises and were responsible for the daily oversight and maintenance of the Premises.

9.2    Defendant undertook to perform services that its employees knew or should have known were necessary for the protection of the Premises customers and guests. Defendant knew or should have known that the floor in the area where Plaintiff was walking was in an unsafe condition, given their history of similar incidents and the standards applicable to Defendant as owners/operators. Defendant knew or should have known that the area in the condition encountered by Plaintiff created an unreasonably dangerous condition for customers and guests of the Premises.

5

Plaintiff's Original Petition

Defendant breached legal duties owed to Plaintiff and were negligent in the following ways:

1. Failing to properly maintain the Premises;

2. Failing to alert customers and guests about safety risks; and

3. Failing to take preventative actions to ensure the safety of customers and guests.

## X. – CAUSE OF ACTION – AGENCY & RESPONDEAT SUPERIOR

10.1 At the time of the accident and immediately prior thereto, all relevant individuals working at the Premises were acting within the course and scope of their employment with Defendant. All such individuals were the agent, servant, or employee of each Defendant, and were acting within the scope of their authority as an agent, servant or employee and in furtherance of the duties of its office or employment with Defendant, and in furtherance of Defendant's business interests.

10.2 At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendant occurred within the scope of the actual or apparent authority of such person on behalf of Defendant. Therefore, Defendant is liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

## XI. DAMAGES

11. Because of Plaintiff's bodily injuries and damages proximately caused by

6

Plaintiff's Original Petition

Defendant's negligence, Plaintiff is entitled to reasonable and proper compensation for the following legal damages:

1.  past and future medical expenses;

2.  past and future physical pain and mental anguish;

3.  past and future physical impairment;

4.  past and future disfigurement; and

5.  past and future mental anguish.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Defendant be cited to appear and answer herein, and that upon a final hearing hereof, that Plaintiff have judgment against Defendant, jointly and severally, for actual damages shown and proved at trial, for prejudgment and post-judgment interest, for costs of Court and for all other relief, legal and equitable, to which Plaintiff is justly entitled.

7

Plaintiff's Original Petition

Respectfully submitted,

*s/C. Ashley Callahan*
C. Ashley Callahan
State Bar No. 24027545
LAW OFFICES OF C. ASHLEY CALLAHAN, P.C.
7500 Rialto Blvd.
Building 1, Suite 250
Austin, Texas 78735
(512) 817-3977 – Phone
(512) 287-3127 – Fax
acallahan@callahanlawoffices.com
ATTORNEYS FOR PLAINTIFF

8

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Charles Callahan on behalf of Charles Callahan
Bar No. 24027545
acallahan@callahanlawoffices.com
Envelope ID: 108990494
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 12/11/2025 1:13 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Charles ThomasCallahan | | general@callahanlawoffices.com | 12/11/2025 12:43:34 PM | NOT SENT |
| Charles AshleyCallahan | | acallahan@callahanlawoffices.com | 12/11/2025 12:43:34 PM | NOT SENT |

Brewster County District Clerk
Sarah Fellows Martinez
P.O. BOX 1024
ALPINE, TX 79831

THE STATE OF TEXAS



## REGULAR CITATION

Greetings,

Corporation Service Company
CSC-Lawyers Inco
211 E. 7ᵗʰ Street Suite 620
Austin, Texas 78701

 NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taking against you." **In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 20 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.**

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before ten o`clock a.m. of the Monday next after the expiration of twenty (20) days after the date of service of this citation before the Honorable 394ᵀᴴ JUDICIAL DISTRICT COURT of BREWSTER County, Texas. Said petition was filed on **December 11, 2025** in this case. number **25 488** on the docket of said Court, and styled,

## Pamela Clouse
### vs
## Tractor Supply Co.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition accompanying this citation and made a part **Plaintiff's Original Petition**
The officer executing this writ shall promptly serve the according to requirements of law, and the mandates thereof, and make due return as the law directs.
Issued and given under my hand and seal of said Court at ALPINE, Texas this **18ᵀᴴ** day of **December 2025**.

SARAH FELLOWS MARTINEZ
District Clerk
394ᵀᴴ JUDICIAL DISTRICT COURT
BREWSTER County, Texas

By _____

Deputy

Copy from re:SearchTX

## SHERIFF'S RETURN

Came to hand on the _____day of_____, 2025, at _____o'clock ___.m., and executed on the _____day of_____, 2025 at _____o'clock ___m., at _____, in _____County, _____ by delivering to each of the within-named defendant(s), in person, a true copy of this Citation, together with the accompanying copy_Plaintiff's Original Petition_having first endorsed thereon the date of delivery, together with the accompanying times and places to wit:

| Name | Day/Month/Year | Hour/Minute | Place, Course, and Distance from Court House |
|---|---|---|---|
| | | | |
| | | | |

Not executed for the following reasons:

_____

Information received as to the whereabouts of the said defendant(s) being

_____

I am a disinterested person competent to make oath of the fact.

FEES: Serving — Total—$_____

Subscribed ans Sworn before me by _____, a credible person, on this ____day of _____, 2025, at _____o'clock ___.m.

_____,Sheriff
_____County,
State of_____

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____, on the ____day of_____,2023, at _____ o'clock ___.m. this copy of this instrument.

_____,Sheriff
_____County,
State of_____
By_____,Deputy

Copy from re:SearchTX

Filed 1/16/2026 12:16 PM
Sarah Fellows Martinez, District Clerk
Brewster County, Texas
Brianna Portillo

IN THE 394th JUDICIAL DISTRICT COURT
OF BREWSTER COUNTY, TEXAS

| | | |
|---|---|---|
| PAMELA CLOUSE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | **Cause No. 25488** |
| | § | |
| TRACTOR SUPPLY CO., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT TRACTOR SUPPLY COMPANY'S ORIGINAL ANSWER

**TO THE HONORABLE JUDICIAL DISTRICT COURT:**

COMES NOW, TRACTOR SUPPLY COMPANY, a Defendant herein ("**Defendant**"), and timely files this, its Original Answer in reply to the Original Petition filed by Plaintiff, PAMELA CLOUSE, ("Plaintiff") in this cause and asserts as follows:

### I.

### General Denial

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, this Defendant enters a General Denial Answer and places all of the matters pled by Plaintiff in this case in issue, demanding strict proof of all of Plaintiff' allegations made herein by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

### II.

2.      Defendant reserves the right to amend its Answer further, if necessary.

WHEREFORE, PREMISES CONSIDERED, Defendant, **TRACTOR SUPPLY COMPANY** prays to the Court that all relief requested by Plaintiff against it in this action be denied in its entirety, that Plaintiff take nothing by her claims asserted against this Defendant and

that this Defendant be allowed to go hence, without delay and with its costs taxed to Plaintiff and

for such other and further relief, legal and equitable, general and special, to which this Defendant

is justly entitled.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Box 1977
El Paso, Texas 79950-1977
(915) 532-2000
(915) 541-1597 (fax)
almanzan@mgmsg.com

By: _Andy Almanzán_ _____

**Andrés E. Almanzán**
Texas State Bar No. 24001643

Attorneys for Defendant Tractor Supply Company

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I, Andres E. Almanzan, certify that on this 16th day of January, 2026, a true and correct copy of the foregoing pleading was filed electronically with the Clerk of the Court in accordance with Texas Rule of Civil Procedure 21(f)(1), and was simultaneously-served electronically on the following party's counsel of record: C. Ashley Callahan, Esq., Law Firm of C. Ashley Callahan, P.C., 7500 Rialto Blvd, El Paso, Texas 78735.

_Andy Almanzán_

**Andrés E. Almanzán**

2

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Amanda Martinez on behalf of Andres Almanzan
Bar No. 24001643
amartinez@mgmsg.com
Envelope ID: 110145219
Filing Code Description: Answer/Response
Filing Description: DEFENDANT TRACTOR SUPPLY COMPANY'S ORIGINAL ANSWER
Status as of 1/16/2026 1:59 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Charles  AshleyCallahan | | acallahan@callahanlawoffices.com | 1/16/2026 12:16:22 PM | SENT |
| Charles ThomasCallahan | | general@callahanlawoffices.com | 1/16/2026 12:16:22 PM | SENT |
| Amanda Martinez | | amartinez@mgmsg.com | 1/16/2026 12:16:22 PM | SENT |
| Joshua Delgado | | jdelgado@mgmsg.com | 1/16/2026 12:16:22 PM | SENT |
| Olga Burkett | | oburkett@mgmsg.com | 1/16/2026 12:16:22 PM | SENT |
| Andres Almanzan | | almanzan@mgmsg.com | 1/16/2026 12:16:22 PM | SENT |